UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| THOMAS SMTH and ELIZABETH HALE, on behalf of themselves and all other similarly situated,<br><br>Plaintiffs,<br>vs.<br><br>CHAMPION ROOFING, INC. AND M. WALTER ROOFING, INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)  Case No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiffs, THOMAS SMITH and ELIZABETH HALE, by their undersigned attorneys, for their Complaint against the Defendants, CHAMPION ROOFING, INC. and M. WALTER ROOFING, INC., allege as follows:

### NATURE OF ACTION AND PARTIES

1. This civil action is brought by the above-named individual plaintiffs who seek redress for the Defendants' violations of their rights under the Fair Labor Standards Act, 29 U.S.C. § 201, et. seq. This action is brought as a statewide collective action pursuant to 29 U.S.C. §216(b) alleging violations of the Fair Labor Standards Act. It is also brought as a state wide Class action pursuant to Rule 23 for violations of the Illinois Minimum Wage Act ("IMWA"), 820 ILCS §105 et seq.

2. Plaintiffs Thomas Smith and Elizabeth Hale were employed by Defendants. As their employees, the Plaintiffs performed a variety of different tasks for the Defendants. Mr. Smith for example, worked in the warehouse, drove a pickup truck, and worked on various

roofing job sites. Ms. Hale worked in the office and there she handled payroll, managed the company's records and generally took care of the administrative details of the business. With respect to payroll, Ms. Hale bases her allegations upon her personal knowledge.

3. Defendants implemented a common scheme whereby Plaintiffs and all other employees of both companies were not paid for all hours worked and were not paid overtime for hours worked in excess of forty hours in a given workweek, in violation of the Fair Labor Standards Act ("FLSA").

4. The similarly situated individuals whom the Plaintiffs seek to represent are comprised of all people employed by Defendants Champion Roofing and M. Walter Roofing. Defendants knowingly and willfully failed to pay Plaintiffs and the putative class wages in accordance with applicable federal law, including but not limited to overtime wages that were improperly underpaid due to Defendants' common compensation policy. Plaintiffs seek redress on behalf of themselves and all others similarly situated. Plaintiffs bring this action as a state wide collective action pursuant to 29 U.S.C. §216(b) for violations of the FLSA and as a statewide class action under Illinois law pursuant to Rule 23, F.R.C.P.

5. Upon information and belief, at all times hereinafter mentioned, Defendants Champion Roofing, Inc. ("Champion") and M. Walter Roofing, Inc. ("M. Walter") (collectively, the "Defendants") were and still are private domestic corporations with their headquarters in Bensenville, Illinois. They advertise on the internet as locally owned, quality roofing companies.

## JURISDICTION AND VENUE

6. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1331, this case arising under the laws of the United States, 28 U.S.C. § 1337, this action arising under Acts of Congress regulating commerce, and 28 U.S.C. § 1367. The Court has personal jurisdiction over

Defendant pursuant to Federal Rule 4 (k)(1), in that Defendants have sufficient contact with the state of Illinois as they conducted business within the state. *See* 735 ILCS 5/2-209.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c).

## GENERAL ALLEGATIONS

8. This lawsuit arises out of Defendants' practice of knowingly and willfully refusing to pay its employees for all compensable work time and for failing to pay overtime for those weeks when they work more than 40 hours in a particular week.

9. At all times relevant, Plaintiffs and all other employees were non-exempt employees of Defendants champion and M. Walter, as defined by the FLSA. Plaintiff Smith was employed by the Defendants from March 23, 2013 until recently. Plaintiff Hale was employed by the Defendants from August 28, 2014 until October 16, 2015.

10. At all times relevant, Champion and M. Walter were employers, as defined by the FLSA and Illinois state law.

11. Defendants are engaged in interstate commerce as that term is used in the FLSA.

12. At all times relevant, Plaintiffs and all other employees of Defendants were engaged in interstate commerce.

13. During the course of employment with Defendants, employees, such as Mr. Smith and Ms. Hale, were not exempt from overtime wages. However, the employees were only paid for forty hours a week, regardless of the actual number of hours worked and did not receive overtime compensation as required by the FLSA and the IMWA.

14. Plaintiffs were paid an hourly wage only. At the time of his termination, Plaintiff Smith was paid $17.00 an hour, Plaintiff Hale was paid $14.00 an hour.

15. During the course of the Plaintiffs' and the Class's employment with Defendants, all employees routinely worked in excess of 40 hours per week. For example, as reflected in his time records that he turned in to the Defendants, Plaintiff Smith routinely worked 15 hours of overtime every week. The Defendants informed Mr. Smith that he was earning "comp" time, but that does not excuse the illegal practice of failing to pay him overtime.

16. Despite the fact that the employees were not exempt, Defendants did not pay them the proper wages they were owed, including payment of all compensable time and payment of overtime wages for work in excess of 40 hours per week.

17. Plaintiffs and the Class are entitled to actual and liquidated damages for Defendants' actions.

## COLLECTIVE ACTION ALLEGATIONS
## OF THE FLSA CLASS

18. Plaintiffs reassert and re-allege the allegations set forth in each of the paragraphs above.

19. Plaintiffs seek to maintain this suit as a collective action pursuant to 29 U.S.C §216(b) on behalf of themselves and the following class of persons: All employees who worked for the Defendants Champion and M. Walter at any time during the statutory period who give their consent in writing to become party plaintiffs ("FLSA Class").

20. All putative members of the class are similarly situated because, inter alia, they all were entitled under the FLSA to be paid for all time worked and to be paid overtime for all work in excess of 40 hours per week; and had such rights undermined and negated by Defendants' unlawful practices and policies.

21. Defendants have encouraged, permitted, and required their employees to work without overtime compensation.

22. Defendants have known that Plaintiffs and other members of the FLSA Class have been deprived of overtime compensation. Nonetheless, Defendants have operated under a scheme to deny the Plaintiffs and the Class all overtime compensation for work in excess of 40 hours.

23. Defendants' conduct, as alleged herein, was willful and has caused significant damage to Plaintiffs and other members of the FLSA Class.

## COUNT I
## FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

24. Plaintiffs reallege and incorporate by reference all the above allegations.

25. Under the FLSA, the employees (hereinafter referred to as "The FLSA Class") were entitled to be paid overtime for all hours worked over 40 in a given work week.

26. The overtime rate is computed by multiplying 1.5 times an employee's regular hourly rate, which includes all nondiscretionary compensation paid to employees.

27. Defendants failed to compensate The FLSA Class at the overtime rate for work performed in excess of 40 hours per week in violation of the FLSA.

28. Defendants' violation of the FLSA for failure to pay their employees overtime wages was willful and deliberate.

29. Upon information and belief, Defendants' practices as described above were not approved in writing by the United States Department of Labor.

30. Upon information and belief, Defendants' practices were not based upon Defendant's review of any policy or publication of the United States Department of Labor.

31. Due to Defendants' violation of the FLSA, The FLSA Class is entitled to recover from Defendants their unpaid compensation, liquidated damages, reasonable attorneys' fees, and the costs of this action, pursuant to 29 U.S.C. § 216(b).

## CLASS ALLEGATIONS

32. Plaintiffs also bring this action as a class action on behalf of themselves and all other persons similarly situated in Illinois, subject to entry of an Order certifying this cause as a class action pursuant to Rule 23, F.R.C.P.

### Class Action Law

33. Rule 23 provides that a cause of action may be maintained as a Class Action if:

   a. The Class is so numerous that the joinder of all members is impracticable;

   b. There are questions of fact or law common to the Class, which common questions predominate over any questions affecting only individual members;

   c. The representative parties will fairly and adequately protect the interest of the Class; and,

   d. The Class Action is an appropriate method for the fair and efficient adjudication of the controversy.

### Proposed Class

34. Plaintiffs seek certification of the following classes:

"All individuals who were employed by Defendants, their subsidiaries or affiliated companies, in the state of Illinois at any time during the relevant statute of limitations period who were paid for forty hours in any given week despite working more than forty hours."

### The Employee Class Meets the Requirements for
### Class Certification Numerosity

35. The Class satisfies the numerosity standards. On information and belief, at the time this complaint was filed, Champion and M. Walter had approximately 30 employees in Illinois. Over the last three years, there have been at least another 40 employees who worked for one of the Defendants and who have the same claims as the Plaintiffs. There is no question therefore that this lawsuit encompasses between 30 and 70 potential claimants. The proposed Class can be identified and located using Defendants' payroll and personnel records. Therefore,

the Class is so numerous that the joinder of all members is impracticable and the Class can be ascertained through objective criteria. Class members may be informed of the pendency of this Class Action by direct mail based upon payroll records and/or published and broadcast notice.

### **Common Questions of Fact or Law**

36. There are questions of fact and law common to the class that predominate over any questions affecting only individual members. The questions of law and fact common to the class arising from Defendant's actions include, without limitation, the following:

   a. Whether Defendant failed to pay Plaintiffs and Class members all compensation due them;

   b. Whether Defendant failed to pay Plaintiffs and Class members all overtime compensation due to them;

   c. Whether Plaintiffs and the Class were expected to work in excess of 40 hours per week;

   d. Whether Plaintiffs and the Class worked in excess of 40 hours per week;

   e. Whether Defendants' practices violate provisions of the Illinois Minimum Wage Law;

   f. Whether the Defendants' failure to pay overtime was willful;

   g. Whether Plaintiffs and the Class have suffered damages and the proper measure of those damages;

37. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the controversy. Moreover, the resolution of these common issues will control the outcome of the litigation.

### Typicality

38. Plaintiffs' claims are typical of the claims of the Class members. The named Plaintiffs suffered similar injuries as those suffered by other Class members as a result of Defendant's failure to pay wages, including overtime compensation, for all hours actually worked.

### Adequacy

39. The named Plaintiffs are adequate representatives of the Class because they are members of the Class and their interests do not conflict with the interests of the members of the Class they seeks to represent. The interests of the Class will be fairly and adequately protected by the named Plaintiffs and their undersigned counsel. Plaintiffs have hired competent attorneys who are experienced in class action litigation of this type and who are committed to prosecuting this action.

### Superiority

40. A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense if these claims were brought individually. Moreover, as the damages suffered by each class member may be relatively small, the expenses and burden of individual litigation would make it difficult for plaintiffs to bring individual claims. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant or substantially impair or impede the ability of class members to protect their interests.

## COUNT II
## FAILURE TO PAY OVERTIME UNDER ILLINIOS LAW

41. Plaintiffs repeat and re-allege the above paragraphs.

42. Illinois law provides that an employee must be paid overtime, equal to 1.5 times the employee's regular rate of pay for all hours worked in excess of forty per week. Illinois Minimum Wage Law, 820 ILCS §105/4a *et. seq.*

43. Defendants failed to pay Plaintiffs for overtime hours worked. Upon information and belief, Defendants also failed to pay other members of the Plaintiff class for overtime hours worked as that was a stated company policy.

44. The foregoing actions of Defendants constitute violations of the Illinois Minimum Wage Law, 820 ILCS §105 *et. seq.* Defendants' actions were willful and not in good faith.

45. Defendants are liable to Plaintiffs and the Class for actual damages, equitable relief, recovery of attorneys' fees and costs, and prejudgment interest as provided by law, pursuant to the Illinois Minimum Wage Law, 820 ILCS §105 *et. seq*.

## COUNT III
## FAILURE TO PAY WAGES EARNED UNDER ILLINOIS LAW

46. Plaintiffs repeat and re-allege the above paragraphs.

47. Illinois law provides that "every employer shall be required, at least semi-monthly, to pay every employee all wages earned during the semi-monthly pay period." Illinois Wage Payment & Collection Act, 820 ILCS §115/3 *et seq*.

48. The employment agreement between Plaintiffs and the Defendants provided for payment of all hours worked by Plaintiffs and the Class.

49. Defendant failed to pay the Plaintiffs and members of the Class for all hours worked by failing to pay them for all hours worked over 40 in any given work week.

50. The foregoing actions of Defendants constitute violations of Illinois Wage Payment and Collection Act, 820 ILCS §115/3 *et seq*. Defendants' actions were willful and not in good faith.

51. Defendants are liable to Plaintiffs and the Class for actual damages, equitable relief, recovery of attorneys' fees and cost, and prejudgment interest as provided by law, pursuant to the Illinois Wage Payment and Collection Act, 820 ILCS §115 *et seq*.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully request that this Court grant the following relief:

1. Award all actual damages suffered by Plaintiffs and the Class;

2. Enter an order declaring that Defendants willfully violated the overtime provisions of the FLSA and the IMWA;

3. Award Plaintiffs and the Class damages in the amount of overtime wages required by the FLSA and the IMWA improperly denied them by Defendants' actions;

4. Award Plaintiffs and the Class damages in the amount of unpaid off the clock time as required by the IWPCA;

4. Award Plaintiffs liquidated damages equal to Plaintiff's unpaid overtime compensation under the FLSA;

5. Award Plaintiffs punitive damages;

6. Award Plaintiffs prejudgment interest pursuant to the IMWA;

7. Award Plaintiffs post-judgment interest;

8. Award Plaintiffs reasonable attorneys' fees as well as the costs of this action;

9. Award such other and further relief as this Court deems necessary and proper, including but not limited to appropriate injunctive relief against any and all ongoing unlawful employment practices.

Dated: January 5, 2016                              Respectfully submitted,

                                                    THOMAS SMITH and ELIZABETH HALE

                                                    By:  ____/s/ Terrence Buehler_____

                                                    Terrence Buehler
                                                    **The Law Offices of Terrence Buehler**
                                                    55 West Wacker Drive
                                                    Suite 1400
                                                    Chicago, Illinois 60601
                                                    Telephone: (312) 372-220929

                                                    Peter Lubin
                                                    Vincent DiTommaso
                                                    **DiTommaso-Lubin**
                                                    DiTommaso-Lubin P.C.
                                                    The Oak Brook Terrace Atrium
                                                    17W220 22d Street, Suite 200
                                                    Oak Brook Terrace, IL 60181